IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PARALLEL NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BENTLEY MOTORS, INC., et al., <br><br> Defendants. | 6:10-CV-00112-LED <br><br> JURY TRIAL DEMANDED |

### BENTLEY MOTOR INC.'S[1] ANSWER AND COUNTERCLAIMS TO PARALLEL NETWORKS' COMPLAINT FOR PATENT INFRINGEMENT

Defendant Bentley Motors, Inc. ("Bentley USA"), through its attorneys, hereby files this Answer and Counterclaims against Plaintiff Parallel Networks, LLC's ("Parallel Networks") Original Complaint for Patent Infringement ("Complaint"), and alleges as follows:

1. Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies them.

2. Bentley USA admits the allegations contained in paragraph 2 of the Complaint.

3. Bentley USA admits that Bentley Motors Limited is a corporation organized and existing under the laws of the United Kingdom, with its principal place of business in Crewe, United Kingdom. Bentley Motors Limited has yet to be served in this matter, and thus no answer or other responsive pleading is yet due from Bentley Motors Limited. Except as expressly admitted, Bentley USA denies each and every remaining allegation contained in paragraph 3 of the Complaint.

---

[1] Defendant Bentley Motors Ltd has not yet been properly served in this matter. Accordingly, no answer or other responsive pleading is yet required by defendant Bentley Motors Ltd.

4. Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore denies them.

5. Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies them.

6. [Erroneously 1.] Bentley USA admits that this action arises under the patent laws of the United States, Title 35, United States Code. Bentley USA admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a). Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint against the other defendants and therefore denies the same. Except as expressly admitted, Bentley USA denies each and every remaining allegation contained in paragraph 6 of the Complaint.

7. [Erroneously 2.] Bentley USA denies the allegations contained in paragraph 7 of the Complaint as they relate to Bentley USA. Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint against the other defendants and therefore denies the same. Except as expressly admitted, Bentley USA denies each and every remaining allegation contained in paragraph 7 of the Complaint.

8. [Erroneously 3.] Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies them.

9. [Erroneously 4.] Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore denies them.

10. [Erroneously 5.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies them.

11. [Erroneously 6.]  Bentley USA denies the allegations contained in paragraph 11 of the Complaint.

12. [Erroneously 7.]  Bentley USA denies the allegations contained in paragraph 12 of the Complaint.

13. [Erroneously 8.]  Bentley USA denies the allegations contained in paragraph 13 of the Complaint.

14. [Erroneously 9.]  Bentley USA denies the allegations contained in paragraph 14 of the Complaint.

15. [Erroneously 10.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies them.

16. [Erroneously 11.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies them.

17. [Erroneously 12.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies them.

18. [Erroneously 13.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

19. [Erroneously 14.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20. [Erroneously 15.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies them.

21. [Erroneously 16.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them.

22. [Erroneously 17.]  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23. [Erroneously 18.]  Bentley USA denies the allegations contained in paragraph 23 of the Complaint as they relate to Bentley USA.  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint against the other defendants and therefore denies the same.

24. [Erroneously 19.]  Bentley USA denies the allegations contained in paragraph 24 of the Complaint as they relate to Bentley USA.  Bentley USA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint against the other defendants and therefore denies the same.

25. [Erroneously 20.]  Bentley USA denies the allegations contained in paragraph 25 of the Complaint as they relate to Bentley USA.  Bentley USA lacks knowledge or information

**BENTLEY MOTORS INC'S ANSWER AND COUNTERCLAIM TO**
**PARALLEL NETWORKS' SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

4

sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint against the other defendants and therefore denies the same.

## DEFENSES

### First Defense – Non-Infringement

26. Bentley USA has not infringed and is not infringing any claim of the '111 Patent, either literally or under the doctrine of equivalents.

### Second Defense - Invalidity

27. The '111 Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.,* including §§ 101, 102, 103, and 112.

### Third Defense – Equitable Doctrines

28. Parallel Networks' attempted enforcement of the '111 Patent against Bentley USA is barred by laches and estoppel.

### Fourth Defense – Failure to State a Claim

144. The Complaint and each every claim therein fail to state a claim upon which relief can be granted.

## COUNTERCLAIMS

Bentley USA, by its attorneys, asserts the following counterclaims against Parallel Networks and alleges as follows:

1. These are counterclaims for declaratory judgment of non-infringement and invalidity of United States Patent No. 6,446,111 ("the `111 Patent") under 28 U.S.C. §§ 2201 and 2202.

### The Parties

2. Counterclaim plaintiff Bentley USA is a corporation organized and existing under the law of the state of Delaware, with its principal place of business in Boston, Massachusetts.

3. On information and belief based solely on Paragraph 1 of the Complaint 1 as alleged by Parallel Networks, Parallel Networks is a Texas limited liability company, with its principal place of business located in Tyler, Texas.

### Jurisdiction

4. This counterclaim arises under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.,* and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400. Venue is further proper in the Tyler Division.

### Count I

### Declaratory Relief Regarding Non-infringement

6. Bentley USA realleges and incorporates by reference the allegations of paragraphs 1 through 5 above.

7. Based on Parallel Networks' filing of this action and Bentley USA's defenses, an actual controversy has arisen and now exists between the parties as to whether Bentley USA infringes the '111 Patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Bentley USA requests a declaration by the Court that it does not infringe any claim of the '111 Patent under any theory (including directly (whether individually or jointly) or indirectly

(whether contributorily or by inducement)).

## Count II

### Declaratory Relief Regarding Invalidity

9. Bentley USA realleges and incorporates by reference the allegations of paragraphs 1 through 5 above.

10. Based on Parallel Networks' filing of this action and Bentley USA's defenses, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '111 Patent.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* and 35 U.S.C. § 100 *et seq.,* Bentley USA requests a declaration by the Court that the claims of the '111 Patent are invalid.

## Count III

### Declaratory Relief Regarding Unenforceability

12. Bentley USA realleges and incorporates by reference the allegations of paragraphs 1 through 5 above.

13. Based on Parallel Networks' filing of this action and Bentley USA's defenses, an actual controversy has arisen and now exists between the parties as to the enforceability of the '111 Patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Bentley USA requests a declaration by the Court that the claims of the '111 Patent are unenforceable.

## PRAYER FOR RELIEF

Bentley USA respectfully requests a judgment against Parallel Networks as follows:

A. A declaration that the '111 Patent is unenforceable;

B. A declaration that the asserted claims of the '111 Patent are invalid;

C. A declaration that Bentley USA does not infringe, under any theory, any valid claim of the '111 Patent that may be enforceable;

D. A declaration that Bentley USA is not liable in any way for the relief sought in the Complaint, denying Parallel Networks all such relief, and dismissing the Complaint with prejudice;

E. Judgment against Parallel Networks and in favor of Bentley USA;

F. An award of costs to Bentley USA;

G. An award to Bentley USA of its attorneys' fees incurred in this action; and

H. Further and such relief as the Court may deem just, equitable, and proper.

## JURY DEMAND

Bentley USA demands a trial by jury.

Dated: June 14, 2010

Respectfully submitted,

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
RAMEY & FLOCK
100 East Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (fax)
ddacus@rameyflock.com

                Gregory D. Phillips
                HOWARD, PHILLIPS & ANDERSEN
                560 East 200 South, Suite 300
                Salt Lake City, Utah 84102
                (801) 366-7471
                (801) 366-7706
                gdp@hpalaw.com

*Attorneys for Defendant Bentley Motors Inc.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 14th day of June, 2010.

                */s/ Deron R. Dacus*
                Deron R. Dacus