IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PARALLEL NETWORKS, LLC<br><br>   Plaintiff,<br><br>   v.<br><br>BENTLEY MOTORS INC.;<br>BENTLEY MOTORS LTD;<br>FLAIRVIEW TRAVEL PTY LTD; AND<br>FLIGHTBOOKERS LTD.<br><br>   Defendants. | No. 6:10-cv-00112-LED<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parallel Networks, LLC files this Original Complaint for Patent Infringement against BENTLEY MOTORS INC.; BENTLEY MOTORS LTD; FLAIRVIEW TRAVEL PTY LTD; and FLIGHTBOOKERS LTD. (collectively "Defendants").

### PARTIES

1. Parallel Networks LLC ("Parallel Networks" or "Plaintiff") is a Texas Limited Liability Company with its place of business at 100 E. Ferguson Street, Suite 602 in Tyler, Texas.

2. Defendant BENTLEY MOTORS INC. is, on information and belief, a corporation with a place of business at 3 Copley Place, Suite 3701 in Boston, Massachusetts.

3. Defendant BENTLEY MOTORS LTD is, on information and belief, a corporation with a place of business at Pyms Lane in Crewe, England (BENTLEY MOTORS INC. and BENTLEY MOTORS LTD are collectively referred to herein as "BENTLEY").

4. Defendant FLAIRVIEW TRAVEL PTY LTD D/B/A HOTELCLUB AND RATES TO GO ("FLAIRVIEW") is, on information and belief, a corporation with a place of business at George Street in Sydney, Australia.

5. Defendant FLIGHTBOOKERS LTD D/B/A EBOOKERS ("EBOOKERS") is, on information and belief, a corporation with a place of business at 25 Farringdon Street in London, England.

## JURISDICTION AND VENUE

1. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein. Without limitation, on information and belief, within this state the Defendants have engaged in at least the using, or they have at least induced or contributed to the using of the accused methods and apparatuses identified herein below. In addition, on information and belief, Defendants have derived substantial revenues from the foregoing. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case. Without limitation, on information and belief, within this district the Defendants have engaged in at least the using, or they have at

least induced or contributed to the using of the accused methods and apparatuses identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from the foregoing.  Further, on information and belief, Defendants are subject to personal jurisdiction in this District for at least the same reasons noted above with respect to personal jurisdiction within the State of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,446,111

3.     United States Patent No. 6,446,111 ("the '111 patent") entitled "Method and Apparatus for Client-Serve Communications Using a Limited Capability Client Over a Low Speed Communications Network" issued on September 3, 2002.

4.     Parallel Networks is the assignee of all right, title and interest in the '111 patent. Accordingly, Parallel Networks has standing to bring this lawsuit for infringement of the '111 patent.

5.     One or more claims of the '111 patent cover, inter alia, various systems and methods comprising servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

6.     On information and belief, Defendant BENTLEY has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.bentleymotors.com, which comprises servers which receive requests from client devices and collect data items as a function

of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

7. Further, on information and belief, at least since becoming aware of the '111 patent, BENTLEY has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.bentleymotors.com by others.

8. Upon information and belief, any such induced infringement by BENTLEY would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

9. Defendant BENTLEY is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

10. On information and belief, Defendant FLAIRVIEW has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.hotelclub.com and/or www.ratestogo.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by

such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

11. Further, on information and belief, at least since becoming aware of the '111 patent, FLAIRVIEW has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.hotelclub.com and/or www.ratestogo.com by others.

12. Upon information and belief, any such induced infringement by FLAIRVIEW would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

13. Defendant FLAIRVIEW is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

14. On information and belief, Defendant EOOKERS has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.ebookers.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client

requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

15. Further, on information and belief, at least since becoming aware of the '111 patent, EBOOKERS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.ebookers.com by others.

16. Upon information and belief, any such induced infringement by EBOOKERS would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

17. Defendant EBOOKERS is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

18. As a result of Defendants' infringing conduct, Defendants should be held liable to Parallel Networks in an amount that adequately compensates Parallel Networks for their infringement, which, by law, can be no less than a reasonable royalty.

19. On information and belief, Defendants have had at least constructive notice of the '111 patent by operation of law, and there are no marking requirements that have not been complied with.

20.     Parallel Networks reserves the right to take discovery regarding pre-suit notice of the '111 patent by BENTLEY; FLAIRVIEW and EBOOKERS.  In any event, on information and belief, Parallel Networks contends that, at a minimum, such Defendants continuing infringement of the '111 patent during the pendency of this suit is willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

### **PRAYER FOR RELIEF**

WHEREFORE, Parallel Networks respectfully requests that this Court enter:

1.      A judgment in favor of Parallel Networks that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '111 patent;

2.      A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.      A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '111 patent;

4.      A judgment and order requiring Defendants to pay Parallel Networks its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '111 patent as provided under 35 U.S.C. § 284;

5.      An award to Parallel Networks for enhanced damages as provided under 35 U.S.C. § 284;

6. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Parallel Networks its reasonable attorneys' fees; and

7. Any and all other relief to which Parallel Networks may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

June 21, 2010

Respectfully submitted,

PARALLEL NETWORKS LLC

By: /s/ Andrew W. Spangler
Andrew W. Spangler
State Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

Terry Fokas
Parallel Networks, LLC
100 E Ferguson
Suite 602
Tyler, TX 75702
(903) 597-3777
(903) 597-9777 (fax)
tfokas@parallelnetworks.com

ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

June 21, 2010                                     /s/ Andrew W. Spangler
                                                  Andrew W. Spangler